UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

Case No.: 0:24-cv-62252

PETER MCCARTHY,
An individual,

    Plaintiff,

v.

FCA US, LLC,
A foreign limited liability company,

    Defendant.
_____/

## COMPLAINT AND JURY TRIAL DEMAND

The Plaintiff, PETER MCCARTHY, (hereinafter "**Plaintiff**"), by and through the undersigned counsel, files this Complaint and sues the Defendant, FCA US, LLC., (hereinafter "**Manufacturer**"), for violations of the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301 *et. seq.*, (hereinafter "**MMWA**"), for defects associated with a 2023 Chrysler Pacifica with a vehicle identification number ("VIN") ending in 8961 (hereinafter "**vehicle**" or "**subject vehicle**") which was warranted by Manufacturer.

### STATEMENT OF JURISDICTION AND VENUE

1. The amount in controversy exceeds $50,000 exclusive of attorney's fees, interest and costs.

2. Plaintiff is an individual residing in and at all times relevant hereto, Broward County, Florida.

3. Manufacturer is a foreign limited liability company authorized to conduct business in the State of Florida and at all times material hereto was engaged in the regular practice of warranting and servicing automobiles in Broward County, Florida.

4. This action is within this Court's jurisdiction pursuant to 28 U.S.C. 1331 and 15 U.S.C. 2310(d)(1)(B).

5. The events, actions and/or omissions giving rise to this action occurred in Broward County, Florida.

6. Venue is proper within the Southern District of Florida. 28 U.S.C. §1391(b)(2).

## FACTS

7. On or about April 24, 2023, Plaintiff purchased the vehicle at a total cash price of $58,378.45. *See* Exhibit "A" attached hereto.

8. Since the Plaintiff's acquisition of the vehicle, it has been used exclusively for purposes germane to family and household matters.

9. Plaintiff's vehicle was covered by the Manufacturer's Express Warranty ("Express Warranty") in connection with the purchase of the vehicle. *See* Exhibit "B" attached hereto.

10. Specifically, the relevant terms of the Express Warranty provided protection by way of promise to pay for repairs to certain component parts as more particularly described therein for a period of 5 years. *Id.*

11. The Express Warranty covers malfunctions related to, *inter-alia*, faulty engine parts, the center console, chassis, and other components not specifically excluded by the terms of the contract. *Id.*

12. Starting on or about July 13, 2023, Plaintiff presented the vehicle for warranty repairs to an authorized service facility for malfunctions in the vehicle pursuant to the Express Warranty. *See* Repair Orders, attached hereto as Exhibit "C."

13. Namely, Plaintiff observed random shutdowns of the vehicle and input switching from the infotainment system.

14. Plaintiff incorporates by reference all malfunctions and defects identified in the Repair Orders herein, in full.

15. Plaintiff has delivered the vehicle for repair attempts and notwithstanding, Manufacturer had failed to conform the vehicle to the terms of the Express Warranty.

16. The aforementioned malfunctions and defects impair the safety, use, reliability and value of the vehicle.

17. Plaintiff properly maintained the vehicle in accordance with the terms and conditions of the vehicle's service manual.

18. The aforementioned malfunctions and defects were not caused by misuse, abuse, lack of proper maintenance or neglect.

19. The aforementioned malfunctions and defects were not caused by the environment.

20. Despite repeated repair attempts by the Manufacturer, the vehicle continues to exhibit the same malfunctions and defects identified in the Repair Orders.

21. As a result of Manufacturer's refusal to perform repairs pursuant to the Express Warranty, the vehicle continues to exhibit significant problems and requires substantial repairs. *Id*.

22. Manufacturer's refusal repair the vehicle is in derogation of Manufacturer's obligation to Plaintiff under the Express Warranty.

23. Plaintiff provided notice and opportunity to cure the breach of warranty to the Manufacturer. *See* Exhibit "D."

24. Despite receiving the same, Manufacturer has all but failed to conform the vehicle to the terms of the Express Warranty.

25. Plaintiff has hired the undersigned counsel to represent his interests herein and is obligated to pay a reasonable attorney's fee.

26. Plaintiff, as the prevailing party, intends to seek attorney's fees and costs from the Manufacturer pursuant to applicable law and as further set forth

below.

## COUNT I
## BREACH OF EXPRESS WARRANTY UNDER MMWA 15 U.S.C. 2310(d)(1)

27. Plaintiff incorporates and adopts paragraphs 1 to 25 as though fully set forth herein.

28. Plaintiff is a "consumer" as defined in the MMWA, 15 U.S.C, § 2301(3).

29. The vehicle is a "consumer product" as defined in the MMWA, 15 U.S.C. § 2301(1).

30. The vehicle was manufactured and purchased after July 4, 1975.

31. The Express Warranty is a "written warranty" as defined in the MMWA, 15 U.S.C. § 2301(6).

32. The amount in controversy, which is the reasonable and necessary costs to repair the malfunctions and defects or alternatively, replace the defective vehicle or provide a full refund, is well in excess of $50,000.00, exclusive of costs, interest and attorney's fees.

33. The defects and malfunctions within the vehicle are all component parts that are covered under the Express Warranty.

34. Manufacturer's failure and ultimate refusal to pay for repairs or replacement parts is a breach of the Express Warranty.

35. The vehicle continues to exhibit the same substantial non-conformities and malfunctions identified in the Repair Orders which have not been rectified by the Manufacturer.

36. The defects and malfunctions have impacted the vehicle's safety use and reliability.

37. As a result of Manufacturer's breach of the Express Warranty, Plaintiff has suffered expenses, losses, and damages, including but not limited to loss of use of the vehicle, physical damage to the vehicle due to malfunctioning electronic systems, and diminution of value.

38. As a result of the

39. All conditions precedent prior to bringing this action have occurred, have been performed, or have been waived.

**WHEREFORE**, Plaintiff, PETER MCCARTHY, an individual, prays that judgment be entered against Defendant, FCA US, LLC, a foreign limited liability company, as follows:

    (a) For the cost to repair the vehicle;

    (b) For actual, incidental, and consequential damages;

    (c) For costs, interest and actual attorney's fees pursuant to 15 U.S.C. § 2310(d)(2); and,

    (d) For such other relief this Court deems appropriate.

## JURY TRIAL DEMAND

Plaintiff, PETER MCCARTHY, an individual, hereby demands trial by jury of all issues so triable.

Respectfully Submitted,

/s/ Joshua Feygin
Joshua Feygin, Esq.
FLORIDA BAR NO: 124685
Email: Josh@sueyourdealer.com
**SUE YOUR DEALER - A LAW FIRM**
1930 Harrison Street
Suite 208 F
Hollywood, FL 33020
Telephone: (954) 228-5674
Facsimile: (954) 697-0357